IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kenya Crosby, | ) | C/A No. 3:09-787-JFA-PJG |
|                  Plaintiff, | ) | |
| Carolina Adventure World, LLC, | ) | **REPORT AND RECOMMENDATION** |
|                  Defendant. | ) | |

The plaintiff, Kenya Crosby ("Crosby"), is a self-represented former employee of Carolina Adventure World, LLC. Crosby brings this matter against the defendant alleging violations of 42 U.S.C. § 1981. The defendant filed a motion for summary judgment on February 1, 2010 pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docket Entry 18.) Initially, Crosby was represented in this action by Richard D. Ries, Esquire. However, on February 17, 2010, Ries filed a motion to withdraw as attorney, citing a breakdown in communication between him and Crosby. (Docket Entry 20.) Crosby did not file a response in opposition to Ries's motion. Accordingly, the court granted Ries's unopposed motion to withdraw on March 11, 2010. (Docket Entry 22.) As Crosby was now proceeding *pro se*, the court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on March 11, 2010, advising Crosby of the importance of a motion for summary judgment and of the need for her to file an adequate response. (Docket Entry 24.) Crosby was specifically advised that if she failed to respond adequately, the defendant's motion may be granted, thereby ending her case.

Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, Crosby failed to respond to the motion. As Crosby is proceeding *pro se*, the court filed a second order on April 21, 2010, advising Crosby that it appeared to the court that she was not opposing the motion and wished to abandon this action, and giving Crosby an additional fourteen (14) days in

which to file her response to the defendant's motion for summary judgment. (Docket Entry 26.) Crosby was specifically warned that if she failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). Despite this second warning, Crosby still did not respond. Therefore, the plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[1]

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 558 F.2d at 70; Fed. R. Civ. P. 41(b); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) (magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning). In light of the court's recommendation, the court further recommends that any pending motions (Docket Entry 18) be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 10, 2010
Columbia, South Carolina

*The parties are referred to the Notice Page attached hereto.*

---

[1] She is personally responsible for proceeding in a dilatory fashion, the defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Chandler Leasing Corp., 669 F.2d at 920.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).